E-FILED
Thursday, 02 July, 2009 08:19:58 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | | |
|---|---|---|
| **GREGORY L. MARSHALL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 08-CV-2297** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**OPINION**

---

On December 16, 2008, Petitioner Gregory L. Marshall filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). On February 20, 2009, the Government filed its response (#5), and on March 19, 2009, Petitioner filed a Reply (#6). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

PROCEDURAL HISTORY

On October 5, 2005, in Case No. 05-CR-20047, Petitioner was indicted by a grand jury on three counts: (1) knowingly possessing more than five grams of crack with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (2) knowingly possessing heroin with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) knowingly possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On July 31, 2006, the case proceeded to jury trial. On August 1, 2006, a jury found Petitioner guilty on all three counts charged in the indictment. On August 7, 2006, Petitioner filed a motion for a judgment of acquittal pursuant to Rule 29(d)(1) and for a

new trial, arguing that the evidence concerning Petitioner's sale of crack cocaine to an informant three days before the drugs were found in his home should not have been admitted. On August 23, 2006, this Court denied Petitioner's motion, concluding "the evidence was admissible because it was relevant to the issue of [Petitioner's] knowledge and was not improper propensity evidence." On November 22, 2006, this Court sentenced Marshall to 260 months of imprisonment on each count, to be served concurrently; eight years of supervised release on Count 1, six years each on Count 2 & 3, to be served concurrently; and a $100 special assessment for each count.

Petitioner filed a direct appeal using the services of a different lawyer from the one who represented him at trial, claiming that: (1) this Court erred in declining to conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978); (2) this Court erred in admitting evidence of a controlled buy under Rule 404(b); (3) certain testimony was inadmissible hearsay and violated his constitutional rights; and (4) Petitioner's below-guidelines sentence was unreasonable. On February 28, 2008, the Seventh Circuit Court of Appeals rejected all of the claims and affirmed the conviction and sentence. United States v. Marshall, 259 F. App'x 855 (7th Cir. 2008).

On December 16, 2008, Petitioner filed the instant motion under 28 U.S.C. § 2255, alleging the following claims: (1) that he received ineffective defense counsel in connection with his efforts to challenge the search warrant; (2) that he received ineffective counsel due to counsel's failure to obtain disclosure of the informant's identity; (2) that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; and (3) the government improperly withheld evidence favorable to the Petitioner violating Brady v. Maryland, 373 U.S.

83 (1963).

FACTUAL BACKGROUND

At trial, the government presented evidence of a controlled buy between Petitioner and a confidential informant (informant) through the testimony of Officer Kenneth Mallindine (Mallindine). The informant did not testify at the trial. Mallindine's testimony established that in September 2005, he received information from the informant that Petitioner was selling drugs that the informant could purchase. Mallindine subsequently instructed the informant to purchase crack from the Petitioner. On, September 11, 2005, Mallindine and the informant met at the Kankakee police station, which was within walking distance of Petitioner's house. At the police station, Mallindine searched the informant for drugs or money and found none. Mallindine then gave the informant $50 to make the purchase of crack from the Petitioner.

The informant left the police station on foot, with Mallindine and another police officer following approximately sixty yards behind in a surveillance vehicle. Mallindine kept the informant within sight at all times and used binoculars to observe the events; however he did not videotape or make an audio recording of the controlled buy. The informant walked to the corner and stopped across the street from Petitioner's home at 477 E. Locust, where he made a cellular phone call and a few minutes later Petitioner walked from his house, crossed the street, and met the informant. After a few minutes, the Petitioner and informant separated and the informant walked back to the police station where he met Mallindine. The informant handed Mallindine a plastic bag containing crack. Mallindine again searched the informant for money and drugs and found none.

Based on the information from the controlled buy, Mallindine submitted an affidavit to a

state court judge seeking authorization to search Petitioner's residence. The affidavit contained the same information concerning Mallindine's interactions with and observations of the informant that Mallindine testified to at trial, as summarized above. The affidavit also included additional information provided by the informant to Mallindine that was not presented to the jury at trial. Specifically, the affidavit: (1) stated that the call Mallindine observed the informant make was to the Petitioner, (2) included details of the informant's interaction with Petitioner, namely that according to the informant, Petitioner handed crack cocaine to him, and the Petitioner told him that he had more cocaine for sale; and (3) contained information concerning the informant's reliability and credibility.

On September 12, 2005, the judge issued the search warrant. On September 14, 2005, Mallindine and other officers executed the warrant. During the ensuing search, Mallindine searched the home's only bathroom and found a Desenex can in the medicine cabinet. The can contained a false compartment accessed by screwing off the bottom of the can. The false compartment contained almost twenty grams of crack, more than thirty grams of powder cocaine, and more than one gram of heroin. The evidence presented at trial also showed that much of the crack was packaged for sale.

Immediately prior to jury selection, Petitioner addressed this Court regarding a Franks hearing. Petitioner's counsel explained that he investigated whether to file a Franks motion and concluded that he could not file the motion because he found "absolutely no evidence to support the initial motion asking Your Honor for a preliminary hearing . . . [W]e can't ethically file frivolous motions." Petitioner continued to insist that counsel had promised to file a Franks motion and asked the court to question counsel, which was denied. This Court then asked

Petitioner if he wanted to represent himself, which Petitioner declined; nevertheless the Petitioner continued to insist that the officers were lying because he did not participate in the controlled buy with the informant in the days before the search was executed.

ANALYSIS

To establish ineffective assistance of counsel, Petitioner must demonstrate: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's performance prejudiced the Petitioner. Bednarski v. United States, 481 F.3d 530, 535 (7th Cir. 2007), citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In assessing reasonableness, this Court must start with a presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Yack, 139 F.3d 1172, 1176 (7th Cir. 1998), quoting Strickland, 466 U.S. at 689. Therefore, the defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Yack, 139 F.3d at 1176, quoting Strickland, 466 U.S. at 689. In order to show prejudice, the defendant must show that "but for his counsel's unprofessional errors, there is a reasonable probability that the result in his case would have been different." Reeves v. United States, 255 F.3d 389, 393 (7th Cir. 2001).

Petitioner claims, in the first instance, that he received ineffective assistance of counsel in connection with his counsel's efforts to challenge the search warrant. Petitioner claims that his lawyer failed to properly investigate the affidavit used to obtain the search warrant. Specifically, Petitioner cites the failure of his lawyer to subpoena certain telephone records that Petitioner claims "would have found the truth about that specific call allegedly made on September 11, 2005 from the alleged informant to the defendant." However, bare allegations, unaccompanied

by sworn affidavits or other evidence, are insufficient to support a claim of ineffective assistance of counsel. See Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002). This Court agrees with the Government that this claim fails because Petitioner has failed to produce any evidence supporting his claim that there were false statements in Mallindine's affidavit, and also has failed to provide any details regarding the supposed evidence his lawyer failed to discover. This Court further agrees that even if the phone records demonstrated that the informant did not make a call to the Petitioner on the day in question, the warrant would not have been invalidated because it is the affiant, Mallindine's, knowledge that is relevant and there is no evidence to suggest that Mallindine knew of any falsity in the informant's statements.

Furthermore, the record does not support Petitioner's claim that his lawyer failed to investigate the claims of alleged false statements in the affidavit. Alternatively, the record demonstrates that Petitioner's lawyer investigated the claims and found no evidence to support the filing of a motion to challenge the validity of the affidavit. Finally, this Court agrees with the Government that the Petitioner has failed to overcome the presumption that his lawyer's actions were based on sound trial strategy. In fact, counsel's likely determination that it would not be beneficial for Petitioner to take the stand to challenge Mallindine's affidavit by testifying that he did not sell drugs to the informant, proved to be sound strategy as this Court significantly mitigated Petitioner's sentence because the Petitioner did not "take the stand and commit perjury." Thus, Petitioner is unable to overcome the presumption that defense counsel's actions might be considered sound trial strategy.

Petitioner next claims that his counsel was deficient in failing to obtain disclosure of the identity of the informant. The government has a limited privilege to withhold the identity of a

confidential informant from a defendant. Roviaro v. United States, 353 U.S. 53, 59-60 (1957) (explaining that this privilege encourages effective law enforcement and "recognizes the obligation of citizens to communicate their knowledge of the commission of crimes . . . and, by preserving their anonymity, encourages them to perform that obligation."). This privilege must however give way "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . . ." Id. at 60-61; United States v. Jefferson, 252 F.3d 937, 941 (7th Cir. 2001). The defendant must establish a genuine need before disclosure should be ordered by the court. United States v. Andrus, 775 F.2d 825, 842 (7th Cir. 1985). In determining whether a defendant has established genuine need, the court "must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial." Id. at 841. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62.

The role of the confidential informant is an important factor when determining whether the informant's testimony must be disclosed. See Jefferson, 252 F.3d at 942; United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993). Specifically, where the informant is a mere "tipster" – someone whose only role is to provide information for obtaining a search warrant, as opposed to a participant in the crime charged or an eye witness to the event charged - disclosure is not required. See Jefferson, 252 F.3d at 942; Andrus, 775 F.2d at 842.

This Court agrees with the Government that an examination of the relevant factors in this

case supported non-disclosure of the confidential informant. The Petitioner was charged with possession of drugs, which were found hidden in the bathroom of his home, seized as a result of a search warrant that was supported by the eye-witness account of a police officer. The informant was not an eyewitness or participant in the execution of the search warrant that led to the seizure of the drugs. The charges against the Petitioner were not based on activity witnessed by the informant, thus disclosure of his identity would not have been warranted. See Jefferson, 252 F.3d at 941-42. Therefore, this Court concludes that even if Petitioner's counsel fell below an objective level of reasonableness in failing to seek disclosure of the informant, Petitioner suffered no prejudice.

Petitioner next claims that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest. This Court agrees with the Government that this argument is unsupported by the record, as the Petitioner's arrest followed the seizure of the drugs from the bathroom in his home pursuant to a search warrant. The evidence used at trial was obtained from the search of Petitioner's home, rather than from the actual arrest of the Petitioner. Furthermore, the discovery of the drugs in Petitioner's home was sufficient probable cause to justify Petitioner's arrest. Therefore, this Court concludes that Petitioner was lawfully arrested and all evidence presented at trial was lawfully seized pursuant to the search warrant.

Finally, Petitioner claims that the Government improperly withheld information by failing to disclose supposed favorable evidence. The Supreme Court has held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. However, a petitioner may only raise

constitutional errors not raised on direct appeal if he can demonstrate that: "either (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citing Reed v. Farley, 512 U.S. 339 (1994)). This Court agrees with the Government that because Petitioner failed to advance this claim in his direct appeal and has offered no cause for his failure to do so, this claim is procedurally defaulted. Additionally, it is unclear from Petitioner's Motion what favorable evidence was allegedly withheld by the government. Petitioner simply lists information, such as the informant's file, that he would like to see, without providing any evidence that the information he seeks is in fact favorable or was improperly withheld by the Government. Furthermore, the Government was not required to disclose any material from the informant's file because the informant did not testify at trial. This Court therefore concludes that the Petitioner is unable to demonstrate that there was any favorable, material evidence improperly withheld by the Government.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 2nd day of July, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE